**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert D. MINICK, Defendant–Appellant.**

**No. SD 29343.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 29, 2009.

---

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., John M. Reeves, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Robert D. Minick ("Appellant") was convicted of one count of second-degree assault on a law enforcement officer, a violation of section 565.082,[1] one count of armed criminal action, a violation of section 571.015, one count of resisting a lawful stop, a violation of section 575.150, and one count of unlawful use of a weapon, a violation of section 571.030. He received a sentence of seven years, twelve years, four years and four years, respectively, with all sentences to run concurrently for a total of twelve years, following a jury trial. Appellant challenges the sufficiency of the evidence to support his conviction on the charge of armed criminal action. His point relied states,

1. All references to statutes are to RSMo Cum. Supp.2006, and all rule references are to Missouri Court Rules (2009), unless otherwise specified.

2. We note that Appellant's restated point relied on in the argument section varies from his originally stated point. The subsequent point states in part that the trial court erred,

The trial court erred in overruling [Appellant's] motions for judgment of acquittal, and in entering judgment and sentence on the jury's guilty verdict on the charge of armed criminal action, because this violated his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that there was insufficient evidence from which a juror could find beyond a reasonable doubt that [Appellant] possessed a "deadly weapon" because the evidence did not prove that he possessed anything other than the barrel of a gun.[2] Finding no error, we affirm.

■ With our standard of review in mind, we note that we review all evidence in the light most favorable to the verdict, disregarding all contrary inferences unless they are of such a logical and natural extension of the evidence presented at trial that a reasonable juror could not disregard them. *State v. Grim*, 854 S.W.2d 403, 411 (Mo. banc 1993). We determine whether substantial evidence exists from which a reasonable juror could find a defendant guilty beyond a reasonable doubt. *State v. Gomez*, 863 S.W.2d 652, 655 (Mo.App. W.D.1993). Substantial evidence consists of evidence from which the trier of fact could reasonably find the issue in line with the verdict. *Id.*

■ Therefore, in the light most favorable to the verdict and disregarding all contrary inferences, the evidence at trial showed the following:

"in that there was insufficient evidence from which a juror could find beyond a reasonable doubt that *[Appellant] committed the offense of assault of a law enforcement officer in the second degree by use of a 'deadly weapon.'*" (Emphasis added). We use the original point relied on. See Rule 84.04(d).

After a neighborhood altercation between a Mr. Scalla and Appellant in which Appellant was alleged to have threatened Mr. Scalla with a shotgun having a black barrel and brown stock, the police were called. Deputy Travis McConnell, who was in full uniform and driving a fully-marked patrol car, responded to the call for assistance; he passed a vehicle which fit the description of the vehicle that Appellant was driving. Deputy McConnell pursued the vehicle, which accelerated to 80 mph in a posted speed limit of 35 mph and passed several cars on blind curves in heavy pedestrian areas. Appellant turned into a driveway of a house, made an abrupt stop, and exited his vehicle at the same time that Deputy McConnell exited his vehicle. Appellant was carrying a single barrel shotgun in his right hand.

Deputy McConnell drew his duty weapon, identified himself as a police officer, and ordered Appellant to drop the gun. Appellant refused to comply and ran between two other vehicles in the driveway. Deputy McConnell continued to order Appellant to drop his weapon; however, Appellant raised the shotgun and pointed it at Deputy McConnell in a threatening manner. Deputy McConnell believed that Appellant was aiming the gun at him from about fifty feet away. The shotgun's stock had been sawed off and the gun had a pistol grip on it. Appellant destroyed the weapon by hitting the handle and chamber area of the shotgun against a pole on the front porch, broke off the receiver end of the shotgun's barrel, and later threw out the barrel of the gun into the yard.

As previously stated, Appellant claims,

[t]he trial court erred in overruling [Appellant's] motions for judgment of acquittal, ... on the charge of armed criminal, because ... there was insufficient evidence from which a juror could find beyond a reasonable doubt that [Appellant] possessed a "deadly weapon" because the evidence did not prove that he possessed anything other than the barrel of a gun.

A deadly weapon is defined as, among other things, "any firearm, loaded or unloaded, or any weapon from which a shot, readily capable of producing death or serious physical injury, may be discharged...." Section 556.061(10). As noted, Deputy McConnell testified that Appellant was carrying what appeared to be a single barrel shotgun in his right hand. The shotgun's stock appeared to have been sawed off and the gun had a pistol grip on it. Deputy McConnell believed that Appellant was aiming that gun at him from about fifty feet away. Shells were found near the area where the assault took place. Based on Deputy McConnell's testimony, a reasonable juror could infer from this evidence that Appellant pointed a firearm at Detective McConnell. The fact that after the assault Appellant destroyed the weapon does not change the evidence that, at the time of the assault against Deputy McConnell, Appellant pointed a firearm and, thus, a "deadly weapon," at Deputy McConnell.

The point is denied. The judgment is affirmed.

SCOTT, C.J., and LYNCH, P.J., concur.